By the Court,
after advisement. — These deeds, and this mode of examination of femes covert on conveying their estates, having generally prevailed in this province, from its settlement, and undergone, from time to time, the „. -, notice *o£ the courts of justice, it would he very mischievous now to *14] overturn them. The maxim communis error facit jus cannot operate more properly than in this case, and the court unanimously adjudge the law to be witb tbe defendant, (a)

 In the case of Lloyd v. Taylor, post, p. 17, a deed by the wife of her lands, without any separate examination, was sustained, on the same ground of communis error; and these cases have been recognised, and the principle upon which they were decided, adopted by Judge Washington in Milligan v. Dickson, 1 Peters’ C. C. 438. “This usage,” said that learned judge, referring to the practice of acknowledging letters of attorney, “forms one of the great and essential land-marks of real property in this state- and if the titles depending upon it are to be uprooted at this day, I will not be th. judge to commence the work of devastation. Never was there a case where the principle communis error facit jus was more strictly and necessarily applicable.” In 1770, the legislature passed an act confirming titles derived from femes covert, where there had been no separate examination, and established a mode by which the husband and wife might thereafter convey the estate of the wife (1 Sm. L. 307). The decisions under this act have settled the principle, that the wife’s acknowledgment must appear, on the face of the certificate, to have been made substantially as the act requires ; and parol evidence is not admissible to supply defects in the certificate. And it must appear, that the acknowledgment was made before the proper officer, in his proper county. (See 5 Binn. 296; 7 3. & R. 43.) The act of 3d April 1826 (P. L. 187), provides that no hond fide conveyance, previously made, shall be held invalid, by reason of any informality or omission in setting forth the particulars of the acknowledgment; but the case of an aeknowdgment before an incompetent officer seems not to have been provided for. See also 1 Binn. 470; 4 S. & R. 273; 5 Id. 289; 6 Id. 49, 143; 9 Id. 273; 14 Id. 84; 15 Id. 71.